**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>               Plaintiff,<br><br>  vs.<br><br>TOMER FEINGOLD and<br>DOV MALNIK,<br><br>               Defendants,<br><br>- and -<br><br>ADAMAS HEALTHCARE FUND, AMISERVICE DEVELOPMENT LIMITED, AMPLE VANTAGE TRADING LIMITED, BRAVO BUSINESS LIMITED, KURAY INVESTMENTS LIMITED, MIGNON GROUP LIMITED, UPBEAT WORLDWIDE INVESTMENTS LIMITED,<br><br>               Relief Defendants. | Civil Action No. 20-cv-1881 (LAP) |

<u>**STIPULATION AND ORDER MODIFYING FREEZE AS TO RELIEF DEFENDANT**</u>
<u>**ADAMAS HEALTH CARE FUND**</u>

**WHEREAS**, Plaintiff Securities and Exchange Commission (the "Commission") and

Relief Defendant Adamas Health Care Fund (the "Fund") agree and stipulate as follows:

**WHEREAS**, on April 8, 2020, the Commission moved this Court for an asset freeze

pursuant to Rule 65 of the Federal Rules of Civil Procedure and Section 21 of the Exchange Act

(15 U.S.C. § 78u) to freeze assets held in the United States by the Defendants and/or Relief

Defendants, including the Defendants' and Relief Defendants' brokerage accounts with

Interactive Brokers LLC ("Interactive Brokers") for the pendency of this action (the

"Commission's Application");

**WHEREAS**, on April 8, 2020, this Court entered a temporary restraining order freezing the Defendants' assets held in the United States and freezing the assets held in Defendants' and Relief Defendants' brokerage accounts with Interactive Brokers, pending the determination of the Commission's Application (the "April 8 Order") (Dkt. 12);

**WHEREAS**, on April 8, 2020, the Commission served the April 8 Order upon, *inter alia*, Interactive Brokers, which subsequently froze all brokerage accounts held at Interactive Brokers in the names of, held for the benefit of, or controlled by the Defendants and/or the Relief Defendants, including the account identified in the Commission's Application as a brokerage account in the name of the Fund (the "Fund IB Account");

**WHEREAS**, on May 5, 2020, this Court, with the consent of the Commission and the Fund, extended the temporary asset freeze and adjourned the briefing schedule associated with the Commission's Application in order to permit ongoing discussions among the parties regarding a negotiated resolution of the Commission's Application (Dkt. 23);

**WHEREAS**, after the Fund filed an opposition brief and the Commission filed a reply brief, the Fund was granted leave by this Court to file a sur-reply brief (Dkt. 35), with the filing deadline later extended on consent from July 10 to August 7, 2020 (Dkt. 36), and later extended on consent to August 21, 2020 (Dkt. 39);

**WHEREAS**, counsel for the Fund and the Commission have been engaged in discussions regarding the current ownership of the Fund, including the percentage of ownership held directly or indirectly by Defendants Tomer Feingold ("Feingold") and Dov Malnik ("Malnik");

**WHEREAS**, the Commission and the Fund have reached an agreement whereby the Fund consents to the continued freeze of the assets of the Fund IB Account, which currently

2

amounts to approximately $5,617,058.56 and shall be increased (as provided herein) to a total of $8.5 million, subject to the Fund submitting additional proof of ownership to the Commission, which may result in the parties seeking further relief from the Court to modify this Stipulation and Order;

**WHEREAS**, the Commission and the Fund have agreed that the Fund shall transfer monies from an account held in the name of the Fund at JPMS PLC in the United Kingdom (the "Fund JPMS Account") to the Fund IB Account in the amount of $2,882,941.44 or such other amount sufficient to increase the balance of the Fund IB Account to $8.5 million;

**WHEREAS**, the Commission and the Fund have agreed that once the Fund has increased the balance of the Fund IB Account to $8.5 million, any Fund assets previously frozen pursuant to the April 8 Order, other than the Fund IB Account, may be released, and have further agreed that none of those previously-frozen funds or any other Fund assets will be disbursed directly to Defendants Feingold and/or Malnik or, to the best of the Fund's knowledge, indirectly to or for the benefit of Feingold and/or Malnik;

**WHEREAS**, the Court is authorized to grant the relief set forth in this Order pursuant to the Federal Rules of Civil Procedure, its general equitable authority and Section 21(d)(5) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(5)];

## I.

**IT IS HEREBY STIPULATED AND AGREED** by the Commission and the Fund through respective undersigned counsel, that the April 8 Order shall remain in force as to the Fund IB Account, pending the disposition of this case, subject to the Fund submitting additional proof of ownership to the Commission concerning the ownership of the Fund, which may result in the parties seeking further relief from the Court to modify this Stipulation and Order;

**II.**

IT IS HEREBY FURTHER STIPULATED AND AGREED that Interactive Brokers

and each of its financial and brokerage institutions and each of their officers, agents, servants,

employees, attorneys, and those persons or entities in active concert or participation with them

who receive actual notice of this Order by personal service or otherwise (including by fax, email,

or overnight delivery service) and each of them, shall continue to hold and retain all assets and

funds of the Fund IB Account pending further order of this Court;

**III.**

IT IS HEREBY FURTHER STIPULATED AND AGREED that the April 8 Order

shall immediately cease to apply to any asset located within the United States (including the

Fund IB Account) which becomes subject to any later order entered by any federal court as a

result of proceedings that may be filed by the United States or any department or agency thereof

under any federal civil or criminal forfeiture statute, to the extent that such later order requires

the transfer of any such asset to the United States government;

**IV.**

IT IS HEREBY FURTHER STIPULATED AND AGREED that JPMS PLC is

authorized under this Order to transfer monies from the Fund JPMS Account to the Fund IB

Account, including $2,882,941.44 or such other amount sufficient to fulfill the parties'

agreement set forth herein; that the parties will send the Court a joint letter within three (3)

business days of the transfer to confirm that a total of $8.5 million has been frozen under this

Order; that the April 8 Order is hereby modified so as to permit the transfer of funds from the

Fund JMPS Account to the Fund IB Account; and that, upon the submission of the joint letter to

the Court, the freeze of Fund assets shall be limited to the Fund IB Account and any Fund assets other than the Fund IB Account may be released;

## V.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that the Fund shall not redeem any ownership interest or otherwise disburse any Fund assets directly to Defendants Feingold and/or Malnik or, to the best of the Fund's knowledge, indirectly to or for the benefit of Defendants Feingold and/or Malnik during the pendency of this case, absent further Order of this Court.

## VI.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that this Order shall be, and is, binding on the Fund, and any of the Fund's agents or representatives and those persons in active concert or participation with the Fund who receive actual notice of this Order by personal service or otherwise;

## VII.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that the Court shall retain jurisdiction of this matter for all purposes.

Dated:  August 21, 2020

/s/ Assunta Vivolo
_____
Assunta Vivolo
U.S. Securities and Exchange Commission
1617 JFK Boulevard, Suite 520
Philadelphia, PA  19103
(215) 597-3100
VivoloA@sec.gov
*Counsel for Plaintiff*
*Securities and Exchange Commission*

Dated:  August 21, 2020

/s/ H. Gregory Baker
_____
H. Gregory Baker
Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, New York 10020
(212)-419-5877
HBaker@lowenstein.com
*Counsel for Adamas Health Care Fund*

**IT IS SO ORDERED,** this  24th  day of August, 2020:

_____
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE