UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>                    Plaintiff,<br><br>  vs.<br><br>TOMER FEINGOLD and<br>DOV MALNIK,<br><br>                    Defendants,<br><br>- and -<br><br>ADAMAS HEALTHCARE FUND, AMISERVICE DEVELOPMENT LIMITED, AMPLE VANTAGE TRADING LIMITED, BRAVO BUSINESS LIMITED, KURAY INVESTMENTS LIMITED, MIGNON GROUP LIMITED, UPBEAT WORLDWIDE INVESTMENTS LIMITED,<br><br>                    Relief Defendants. | Civil Action No. 20-cv-1881 (LAP) |

**STIPULATION AND ORDER MODIFYING FREEZE OF WALNUT FUND ACCOUNT**

**WHEREAS**, Plaintiff Securities and Exchange Commission (the "Commission") and third party Walnut Fund (the "Fund") agree and stipulate as follows:

**WHEREAS**, on April 8, 2020, Plaintiff Securities and Exchange Commission (the "Commission") moved this Court for an asset freeze pursuant to Rule 65 of the Federal Rules of Civil Procedure and Section 21 of the Exchange Act (15 U.S.C. § 78u) to freeze assets held in the United States by the Defendants and/or Relief Defendants, including the Defendants' and Relief Defendants' brokerage accounts with Interactive Brokers LLC ("Interactive Brokers") for the pendency of this action (the "Commission's Application");

**WHEREAS**, on April 8, 2020, this Court entered a temporary restraining order freezing the Defendants' assets held in the United States and freezing the assets held in Defendants' and

Relief Defendants' brokerage accounts with Interactive Brokers, pending the determination of the Commission's Application (the "April 8 Order") (Dkt. 12);

**WHEREAS**, on April 8, 2020, the Commission served the April 8 Order upon, *inter alia*, Interactive Brokers, which subsequently froze all brokerage accounts held at Interactive Brokers in the names of, held for the benefit of, or controlled by the Defendants and/or the Relief Defendants, as well as a brokerage account held at Interactive Brokers in the name of the Walnut Fund, under account number U***9009 (the "Current Fund IB Account");

**WHEREAS**, Interactive Brokers' records indicated that the Walnut Fund, a Cayman Islands-based entity, was owned and/or controlled in part by Defendants Tomer Feingold ("Feingold") and Dov Malnik ("Malnik");

**WHEREAS**, counsel for the Fund and the Commission have been engaged in discussions regarding the current control and ownership of the Fund, including the percentage of ownership held directly or indirectly by Defendants Feingold and Malnik;

**WHEREAS**, counsel for the Fund has provided the Commission with documentation reflecting that Feingold and Malnik no longer have any ownership in, nor control of, the entity that manages the Fund for the benefit of shareholders;

**WHEREAS**, counsel for the Fund has provided the Commission with sworn declarations from numerous shareholders in the Fund (the "declarant shareholders"), stating that their investments are not held directly or indirectly for the benefit of Feingold and/or Malnik, and averring that any monies in the Fund later redeemed by those shareholders will not be transferred to Feingold and/or Malnik;

**WHEREAS**, the Commission and the Fund have reached an agreement whereby the Fund may transfer from the Current Fund IB Account, upon entry of this Order, an amount equal

to the collective, beneficial ownership percentage of the declarant shareholders, which the Fund represents is 92.72% of the Current Fund IB Account, with such transferred funds no longer subject to the above-described asset freeze. The Commission and the Fund further agree that the Current Fund IB Account shall otherwise continue to be subject to the April 8 Order, with the remaining monies and/or assets in the Current Fund IB Account, the value of which is $1,896,335 as of February 26, 2021, to remain frozen, pending the disposition of this case;

**WHEREAS**, the Fund represents that it shall not disburse any assets owned or controlled by the Walnut Fund, directly or indirectly, to or for the benefit of Defendants Feingold and Malnik during the pendency of this litigation;

**WHEREAS**, the Court is authorized to grant the relief set forth in this Order pursuant to the Federal Rules of Civil Procedure, its general equitable authority and Section 21(d)(5) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(5)];

## I.

**IT IS HEREBY STIPULATED AND AGREED** by the Commission and the Fund, through respective undersigned counsel, that the April 8 Order shall remain in force as to the Current Fund IB Account, pending the disposition of this case;

## II.

**IT IS HEREBY FURTHER STIPULATED AND ORDERED** that Interactive Brokers and each of its financial and brokerage institutions and each of their officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) and each of them, shall continue to hold and retain all assets and funds of the Current Fund IB Account pending further order of this Court;

### III.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that the above Paragraph II shall immediately cease to apply to any asset located within the United States (including the Current Fund IB Account) which becomes subject to any later order entered by any federal court as a result of proceedings that may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent that such later order requires the transfer of any such asset to the United States government;

### IV.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that immediately upon the entry of this Order, the Fund is permitted to transfer from the Current Fund IB Account an amount equal to the collective, beneficial ownership percentage of the declarant shareholders of the Current Fund IB Account (not to exceed 92.72% of the Current Fund IB Account as of the date of this Order);

### V.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that, notwithstanding the above Section II, the Fund shall be permitted to continue to manage the assets in the Current Fund IB Account by making purchases and/or sales of securities and/or other financial instruments in order to maximize the value of the account, consistent with the investment objective and investment strategies of the Fund.

### VI.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that the Fund shall not redeem any ownership interest directly or indirectly held by, and/or for the benefit of,

Defendants Feingold and Malnik, or make any payment whatsoever to the Defendants during the pendency of this case, absent further Order of this Court.

## VII.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that this Order shall be, and is, binding on the Fund, and any of the Fund's agents or representatives and those persons in active concert or participation with the Fund who receive actual notice of this Order by personal service or otherwise;

## VIII.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that the Court shall retain jurisdiction of this matter for all purposes.

Dated:  February 26, 2021

*Rua M. Kelly*

Rua M. Kelly
U.S. Securities and Exchange Commission
33 Arch Street, 24th Floor
Boston, MA  02110
(617-573-8941
KellyRu@sec.gov
*Counsel for Plaintiff*
*Securities and Exchange Commission*

Dated:  February 26, 2021

Christopher F. Regan
Buckley LLP
2001 M Street NW, Suite 500
Washington, DC  20036
(202)-349-7970
CRegan@buckleyfirm.com
*Counsel for Walnut Fund*

Defendants Feingold and Malnik, or make any payment whatsoever to the Defendants during the pendency of this case, absent further Order of this Court.

## VII.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that this Order shall be, and is, binding on the Fund, and any of the Fund's agents or representatives and those persons in active concert or participation with the Fund who receive actual notice of this Order by personal service or otherwise;

## VIII.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that the Court shall retain jurisdiction of this matter for all purposes.

Dated: February __, 2021

                                              Rua M. Kelly
                                              U.S. Securities and Exchange Commission
                                              33 Arch Street, 24th Floor
                                              Boston, MA  02110
                                              (617-573-8941
                                              KellyRu@sec.gov
                                              *Counsel for Plaintiff*
                                              *Securities and Exchange Commission*

Dated: February 26, 2021

                                              Christopher F. Regan
                                              Buckley LLP
                                              2001 M Street NW, Suite 500
                                              Washington, DC  20036
                                              (202)-349-7970
                                              CRegan@buckleyfirm.com
                                              *Counsel for Walnut Fund*

**IT IS SO ORDERED,** this \_\_\_\_ day of \_\_\_\_\_, 2021:

_____
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE
