UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>               Plaintiff,<br><br>vs.<br><br>TOMER FEINGOLD and<br>DOV MALNIK,<br><br>               Defendants,<br><br>- and -<br><br>ADAMAS HEALTHCARE FUND, AMISERVICE DEVELOPMENT LIMITED, AMPLE VANTAGE TRADING LIMITED, BRAVO BUSINESS LIMITED, KURAY INVESTMENTS LIMITED, MIGNON GROUP LIMITED, UPBEAT WORLDWIDE INVESTMENTS LIMITED,<br><br>               Relief Defendants. | Civil Action No. 20-cv-1881 (LAP) |

**STIPULATION AND ORDER AS TO RELIEF DEFENDANT
ADAMAS HEALTHCARE FUND**

**WHEREAS**, Plaintiff Securities and Exchange Commission (the "Commission") and Relief Defendant Adamas Healthcare Fund (the "Fund") agree and stipulate as follows:

**WHEREAS**, on August 24, 2020, this Court entered a stipulated order requiring, among other things, the continued freeze of $8.5 million in a brokerage account maintained in the name of the Fund at Interactive Brokers (the "August 24th Order") (Dkt. 41);

**WHEREAS**, Adamas Capital Management, Ltd. ("Adamas Capital"[1]) and Defendant Dov Malnik are seeking indemnification from the Fund for certain legal expenses including

---

[1] Adamas Capital is the investment manager to the Fund.

expenses in connection with defending this proceeding of up to $15,400,000 (the "Indemnification Claim");

**WHEREAS**, on August 27, 2020, the Fund filed a lawsuit (the "Cayman Islands Proceedings") against Malnik and Adamas Capital in the Financial Services Division of the Grand Court of the Cayman Islands (Cause No: FSD 174 OF 2020 (MRHJ)) seeking, among other things, negative declarations to the effect that the Fund is not required to indemnify Malnik or Adamas Capital under the terms and provisions of the management agreement entered into between the Fund and Adamas Capital and/or the Fund's Articles of Association;

**WHEREAS**, the Fund, Malnik and Adamas Capital have now reached a settlement of the Cayman Islands Proceedings, pending entry of this proposed stipulation, wherein the Fund will pay $1.125 million directly to Malnik's legal counsel, to cover outstanding legal fees due and owed by Malnik to his counsel for costs of defending this proceeding, in exchange for Malnik and Adamas Capital settling and releasing the Indemnification Claim and discontinuing the Cayman Islands Proceedings;

**WHEREAS**, settlement of the Cayman Islands Proceedings will allow the Fund to move forward with its orderly wind down and distribution of fund assets to shareholders other than Defendants Malnik and Feingold;

**WHEREAS**, the Commission does not object to the proposed payment to Malnik's legal counsel in connection with the contemplated settlement of the Indemnification Claim and the related Cayman Islands Proceedings;

**WHEREAS**, the August 24th Order states "that the Fund shall not redeem any ownership interest or otherwise disburse any Fund assets directly to Defendants Feingold and/or Malnik or,

to the best of the Fund's knowledge, indirectly to or for the benefit of Defendants Feingold and/or Malnik during the pendency of this case, absent further Order of this Court";

**WHEREAS**, the Fund respectfully requests, and the Commission does not object to, entry of this proposed stipulation for the limited purpose of allowing the Fund to transfer $1.125 million from the Fund's account at CIBC directly to Malnik's defense counsel;

**WHEREAS**, the Commission and the Fund have agreed that no other Fund assets will be disbursed, directly or indirectly, to or for the benefit of Malnik or certain shareholders affiliated with Malnik and/or Feingold, who, together, currently own 7.075% of the assets of the Fund as of the date of this Stipulation ("Certain Shareholders"), absent further order of this Court;

**WHEREAS**, all provisions of the August 24th Order shall remain in full force and effect pending entry of this proposed stipulation; and,

**WHEREAS**, the Court is authorized to grant the relief set forth in this Order pursuant to the Federal Rules of Civil Procedure, its general equitable authority and Section 21(d)(5) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(5)];

I.

**IT IS HEREBY STIPULATED AND AGREED** by the Commission and the Fund through respective undersigned counsel, that the August 24th Order is modified to permit the Fund to transfer $1.125 million from its account located at CIBC directly to defense counsel for Malnik, for the purpose of resolving the Indemnification Claim and the related Cayman Islands Proceedings;

II.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that the Fund shall not otherwise disburse any Fund assets, directly or indirectly, to or for the benefit of Certain

Shareholders (described above) during the pendency of this case, absent further order of this Court;

### III.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that the August 24th Order shall otherwise remain in full force and effect;

### IV.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that this Order shall be, and is, binding on the Fund, and any of the Fund's agents or representatives and those persons in active concert or participation with the Fund who receive actual notice of this Order by personal service or otherwise.

Dated: May 18, 2021          /s/ Michael D. Foster

Michael D. Foster
U.S. Securities and Exchange Commission
175 West Jackson Blvd.
Chicago, IL 60604
(215) 597-3100
FosterMI@sec.gov
*Counsel for Plaintiff*
*Securities and Exchange Commission*

Dated: May 18, 2021          /s/ H. Gregory Baker

H. Gregory Baker
Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, New York 10020
(212)-419-5877
HBaker@lowenstein.com
*Counsel for Adamas Health Care Fund*

**IT IS SO ORDERED,** this ____ day of _____, 2021:

HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE