UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>TOMER FEINGOLD and<br>DOV MALNIK,<br><br>    Defendants,<br><br>and<br><br>ADAMAS HEALTHCARE FUND,<br>AMISERVICE DEVELOPMENT LIMITED,<br>AMPLE VANTAGE TRADING LIMITED,<br>BRAVO BUSINESS LIMITED, KURAY<br>INVESTMENTS LIMITED, MIGNON GROUP<br>LIMITED, UPBEAT WORLDWIDE<br>INVESTMENTS LIMITED,<br><br>    Relief Defendants. | Civil Action No. 20-cv-1881 (LAP) |

**FINAL JUDGMENT AS TO DEFENDANT DOV MALNIK**

The Securities and Exchange Commission having filed a Complaint and Defendant Dov Malnik ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

- (a) to employ any device, scheme, or artifice to defraud;
- (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
- (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

- (a) purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or

2

|     | dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person or such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or |
|-----|---|
| (b) | communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith |

      (i)    to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

    (ii)  to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

    (iii)  to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $2,828,699 to the Securities and Exchange Commission pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Defendant shall make this payment within 30 days after entry of this Final Judgment.

  Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

4

      Enterprise Services Center
      Accounts Receivable Branch
      6500 South MacArthur Boulevard
      Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; listing Dov Malnik as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 USC § 1961.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

      If Malnik fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable

immediately at the discretion of the staff of the Commission without further application to the Court.

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 5 days after being served with a copy of this Final Judgment, Interactive Brokers shall transfer the entire balance of the following Interactive Brokers accounts which were frozen pursuant to an Order of this Court to the Commission, after converting any non-U.S. dollar holdings to U.S. dollars as necessary to effect the transfer:

| Account Owner | Account Number(s) |
|---|---|
| Ample Vantage Trading Limited | U***4219 |
| | U***6657 |
| | U***6657 |
| Amiservice Development Limited | U***0970 |
| Kuray Investments Limited | U***3246 |
| Dov Malnik | U***6671 |
| | U***0820 |
| Mignon Group Limited | U***1376 |

Interactive Brokers may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Interactive Brokers also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 5 days after being served with a copy of this Final Judgment, Interactive Brokers shall transfer the below-listed amounts from the following brokerage accounts, which were frozen pursuant to an Order of this Court to the Commission, after converting any non-U.S. dollar holdings to U.S. dollars as necessary to effect the transfer:

| Account Owner | Amount/Account Number(s) |
|---|---|
| Adamas Health Care Fund | $800,000/U***1073 |

Interactive Brokers may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Interactive Brokers also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that upon entry of this Final Judgment, and as soon as the Commission provides written notice to the Court and to Interactive

7

Brokers as to the exact valuation of Malnik's interest as calculated by the Fund administrator as of November 30, 2021, the Fund is permitted to transfer the value of Malnik's interest (the "Current Malnik Interest") in the Walnut IB account to the Commission. To the extent the Walnut Fund exercises its discretion to sell or otherwise convert assets held in the Walnut Fund IB Account in order to redeem Malnik's interest, the Walnut Fund is permitted to transfer the funds generated by such sales or conversions to the Walnut Fund's Northern Trust account (Account Number ******20010) in order to remit the Current Malnik Interest to the Commission by December 10, 2021;. Interactive Brokers and/or Northern Trust may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Interactive Brokers and/or Northern Trust also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

VII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that upon entry of this Final Judgment, and as soon as the Commission provides written notice to the Court and to Interactive Brokers as to the exact valuation of Malnik's interest as calculated by the Fund administrator as of November 30, 2021, Willkie Farr & Gallagher LLP shall transfer the remainder of the civil penalty from moneys received from Defendant Dov Malnik, or held for the benefit of Dov Malnik to the Commission. Willkie Farr & Gallagher LLP may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Willkie Farr & Gallagher LLP also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, upon satisfaction of this Final Judgment, the Court's Order Extending Asset Freeze (Dkt. 22), pursuant to which all of Defendant's assets in the United States are frozen during the pendency of this action, shall cease to be in effect as to Defendant.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Malnik of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: November 22, 2021

*Loretta A. Preska*

HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE